UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. VERBIL, ) | Case No. 5:14-cv-00661-PSG |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANTS'** |
| v. ) | **PARTIAL MOTION TO DISMISS** |
| ) | |
| ) | **(Re: Docket No. 10)** |
| COMMANDER, ELEVENTH COAST ) | |
| GUARD DISTRICT, *et al*, ) | |
| ) | |
| Defendants. ) | |

Defendants Commander, Eleventh Coast Guard District and CDR Curtis L. Sumrok, U.S.C.G., move to dismiss Plaintiff Christopher Verbil's complaint based on lack of subject matter jurisdiction. The complaint alleges three federal causes of action against the Coast Guard: a harassment and retaliation claim under Title VII, negligence under the Federal Tort Claims Act and a claim under the Administrative Procedure Act. Defendants seek to dismiss Verbil's Title VII and FTCA claims for failure to exhaust his administrative remedies; they also seek the dismissal of the federal defendants in this case, arguing that they were improperly named in the suit.

Verbil has submitted neither evidence nor argument as to why his FTCA claim should not be dismissed for failure to exhaust his administrative remedies;[1] accordingly, that claim must be dismissed for lack of subject matter jurisdiction. As for his Title VII claim, Verbil has now submitted to the court a letter dated April 16, 2014, which denies the formal complaint he filed on February 14, 2014, and grants him the right to either appeal to the Equal Employment Opportunity Commission or file a lawsuit in federal court.[2] However, this case was filed on February 12, 2014, two days before Verbil filed his administrative complaint, and more than two months before it was denied. It has long been established that a plaintiff must exhaust his administrative remedies "prior to" initiating a lawsuit under Title VII.[3] Because Verbil began his lawsuit in this court before even initiating his administrative process, let alone exhausting it, Verbil's Title VII claim also is dismissed for lack of subject matter jurisdiction. Given the fundamentally fatal nature of the errors leading to these dismissals, the court is persuaded that any leave to amend would be futile and therefore is denied. With both of the relevant claims dismissed based on procedural and jurisdictional defects, the court does not reach the question of whether the federal defendants were properly named in this suit.

**IT IS SO ORDERED.**

Dated: June 16, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[1] *See* Docket No. 13 at 3.

[2] *See* Docket No. 13-1.

[3] *Myers-Desco v. Lowe's HIW, Inc.*, 484 F. App'x 169, 171 (9th Cir. 2012).