1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER J. VERBIL, ) | Case No. 5:14-cv-00661-PSG |
| ) | |
| ) | **ORDER GRANTING DEFENDANTS'** |
| Plaintiff, ) | **MOTION FOR SUMMARY** |
| v. ) | **JUDGMENT** |
| ) | |
| COMMANDER, ELEVENTH COAST GUARD ) | **(Re: Docket No. 35)** |
| DISTRICT, ET AL., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Created under 14 U.S.C. § 821, the Coast Guard Auxiliary is a non-military organization

consisting of non-salaried civilian volunteers administered by the Commandant of the United

States Coast Guard.[1]  The Auxiliary assists the Coast Guard in "performing any Coast Guard

function, power, duty, role, mission, or operation, authorized by law."[2]  Auxiliary Membership,

_____

[1] *See* 14 U.S.C. § 821.

[2] *See id.* § 822.  Specifically, the Auxiliary serves to (1) promote the safety and effect rescues on high seas and navigable waters; (2) promote the efficiency in operating motorboats and yachts and (3) foster wider knowledge of, and better compliance with, the laws, rules, and regulations governing the operation of motorboats and yachts.  *Id.*

1

subject to certain restrictions, is open to U.S. citizens.[3]  Although members are not considered federal employees, they must still adhere to the standards for conduct and behavior set forth by the Commander.[4]  Violating such standards may lead to a member's disenrollment.[5]

Defendants Commander of the Eleventh Coast Guard District, Curtis L. Sumrok and Auxiliarists Ronnie L. Darcey, Lawrence G. Olson and Rodney E. Collins move for summary judgment against Plaintiff Christopher J. Verbil's claims.[6]  The questions before the court are whether Defendants' decision to disenroll Verbil from the Coast Guard Auxiliary membership was arbitrary or capricious, and whether Defendants deprived Verbil of procedural due process in doing so.  Because Defendants were neither arbitrary nor capricious in determining Verbil's disenrollment and did not deprive Verbil of due process, Defendants' motion for summary judgment is GRANTED.

**I.**

Summary judgment generally is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[7]  Pursuant to the Administrative Procedure Act, however, when a court reviews an agency's final action, different legal standards apply.  A reviewing court's role is limited to considering only the administrative record.[8]  In doing so, the court does not serve as a fact finder and material facts thus are not disputed.[9]  As long as the defendant agency's decision was not arbitrary or capricious, such a

_____

[3] *See id.* § 823.

[4] *See id.* § 823a(a).

[5] *See id.* § 824.  Additionally, under 33 C.F.R. § 5.17, "a member of the Auxiliary shall be disenrolled on request; upon ceasing to possess the qualifications for membership; for cause; upon direction of the Commandant; or upon death."

[6] *See* Docket No. 35.

[7] Fed. R. Civ. P. 56(c).

[8] *See Camp v. Pitts*, 411 U.S. 138, 142 (1973).

[9] *See Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769–70 (9th Cir. 1985); *Klamath Siskiyou Wildlands Ctr. v. Gerritsma*, 962 F. Supp. 2d 1230, 1233 (D. Or. 2013) ("'Summary judgment' is simply a convenient label to trigger this court's review of the agency's action.").

2

Case No. 5:14-00661-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1
2
3

decision may not be set aside.[10]  When applying this standard, the court must consider "whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."[11]

4
5
6
7
8
9
10
11

Two and a half years ago, Verbil applied for membership in the Auxiliary.[12]  Nine months later he became a member.[13]  All members are required to complete classroom training sessions with an Auxiliary instructor.[14]  Before completing his training, however, Verbil emphatically expressed his dissatisfaction with the training.[15]  During his training, Verbil ignored multiple warnings from instructors and repeatedly refused to conduct himself with the requested decorum.[16]  Specifically, Verbil interrupted the class, argued with his instructors and paced back and forth within the classroom.[17]  Verbil also sent a full two-page email to his fellow member trainees critiquing the instruction.[18]

12
13

The instructors requested that Verbil refrain from attending the final session.[19]  Ignoring their request, Verbil attended the session and acted as he had before.[20]  Four instructors submitted

14
15

[10] *See Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 377 (1989).

16
17
18

[11] *Id.* at 378 ("[T]he ultimate standard of review is a narrow one.").  Instances where courts have found agencies to violate such a standard include when an agency (1) relies on factors not intended for consideration by Congress; (2) entirely fails to consider important aspects of a problem or (3) has reached a decision so implausible that it could not be seen as a product of agency expertise. *See, e.g., O'Keeffe's. Inc. v. U.S. Consumer Prod. Safety Comm'n*, 92 F.3d 940, 942 (9th Cir. 1996) (citations omitted).

19

[12] *See* Docket No. 35.

20
21

[13] Specifically, Verbil became a member of the Coast Guard Auxiliary: Flotilla 03-01 Eleventh Coast Guard District Northern Region.  *See id.* at 3.

22

[14] *See id.* at 6.

23

[15] *See id.* at 3.

24

[16] *See id.* at 3–4.

25

[17] *See id.*

26

[18] *See* Docket No. 35 at 4.

27

[19] *See id.* at 4–5.

28

[20] *See id.*

3

United States District Court
For the Northern District of California

1  detailed statements as to Verbil's uncooperative behavior.[21]  Based on these statements,

2  Commander Sumrok subsequently informed Verbil that his conduct may constitute infractions of

3  the Coast Guard's policies,[22] to which Verbil responded that he "never displayed disruptive

4  behavior."[23]

5          Verbil then brought the matter to the attention of the Commanding Officer of the Coast

6  Guard Air Station in San Francisco, as well as the Auxiliary's legal counsel, accusing the Auxiliary

7  of "contributing to an environment where flight safety is potentially at risk" and threatening to "go

8  national."[24]  The Commanding Officer notified Verbil that upon comprehensive review, Verbil was

9  disallowed to serve as an Auxiliary member.[25]  At the same time, Commander Sumrok notified

10  Verbil that he was disenrolled from membership with cause, due to his unwillingness to cooperate

11  and disruptive behavior toward the normal operations and functions of the Auxiliary.[26]  Verbil

12  appealed his disenrollment, denying all improper behavior, claiming that he was never

13  appropriately counseled about his alleged indiscretions.[27]  A month later, Rear Admiral Karl

14  Schultz sustained the disenrollment.[28]

15          Verbil then filed this court, seeking reversal.[29]  Verbil brings claims under (1) the APA for

16  arbitrary and capricious agency decision and violation of due process, (2) Title VII for harassment

17  and retaliation and (3) the Federal Tort Claims Act for negligence; the court has since dismissed

18  _____

19  [21] *See* Docket No. 35 at 7.

20  [22] *See id.*

21  [23] *See id.*

22  [24] *See id.* at 8.

23  [25] *See id.* at 9.

24  [26] *See id.*

25  [27] *See* Docket No. 35 at 9.

26  [28] *See id.*

27  [29] *See* Docket No. 1.

28

Case No. 5:14-00661-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1  the latter two claims.[30]  Defendants now move for summary judgment on Verbil's remaining APA

2  claim.[31]

3                                          **II.**

4          This court has jurisdiction under 28 U.S.C. § 1331.[32]  The parties further consented to the

5  jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P.

6  72(a).[33]

7                                          **III.**

8          Defendants assert that Verbil's disenrollment was neither arbitrary nor capricious nor in

9  violation of Verbil's due process rights.[34]  In response, Verbil urges the court not to grant summary

10  judgment for Defendants because there are genuine issues of material fact.[35]  While the court

11  construes Verbil's arguments liberally, Verbil's arguments are ultimately unpersuasive for the

12  following reasons.[36]

13          *First*, Section 706(2)(A) of the APA provides that a federal agency's final decision is

14  generally improper only when the agency's adjudication is arbitrary or capricious.[37]  The Ninth

15  Circuit has held that a reviewing court should consider whether "the decision was based on a

16

17

18  _____

18  [30] *See* Docket No. 33.

19  [31] *See* Docket No. 35.

20  [32] *See id.*; Docket No. 44; *Parola v. Weinberger*, 848 F.2d 956, 958 (9th Cir. 1988).

21  [33] *See* Docket Nos. 8, 9.

22  [34] *See* Docket No. 35 at 11–12.

23  [35] *See* Docket No. 44.

24  [36] *See Erickson v. Pardus*, 551 U.S. 89 (2007) (holding that a document filed *pro se* is to be
25  liberally construed).

26  [37] 5 U.S.C. § 706(2)(A); *see also Berg v. Commander, Fifth Coast Guard Dist.*, 810 F. Supp. 703,
     715 (E.D. Va,. 1992), *aff'd*, 27 F.3d 562 (4th Cir. 1994) (applying the arbitrary and capricious
27   standard under almost identical facts regarding the decision to disenroll plaintiff, an Auxiliary
     member).

28

                                          5

Case No. 5:14-00661-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

consideration of the relevant factors and whether there has been a clear error of judgment."[38]  An

agency decision is valid "if a reasonable basis exists for [the agency's] decision."[39]  In conducting

such a review, courts may consider only the administrative record, save for some narrow

exceptions.[40]  One such exception is when the agency has relied on documents not in the

administrative record.[41]

The bulk of Verbil's opposition does not address whether the agency's decision is arbitrary

or capricious under these four factors, but instead focuses on whether material facts are in

dispute.[42]  Verbil has raised 36 objections in his opposition, 30 of which are grounded in the theory

that the facts are not supplied by the administrative record.  The remaining objections are based on

other rules pertaining to the Federal Rules of Evidence.[43]  Looking specifically to Verbil's 30

objections to facts allegedly not supplied by the record, the court finds that although three facts

may be disputed to some extent, they are irrelevant to the decision of Verbil's disenrollment.[44]  For

all remaining 27 objections, Defendants have identified the exact location of the 27 allegedly

disputed facts within the administrative record.[45]  Because the moving party has the burden to

---

[38] *Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008) (citations omitted) ("A reviewing court is not empowered to substitute its judgment for that of the agency.").

[39] *Id.* (citing *Kearn Cnty. Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006)).

[40] *See Arrington*, 516 F.3d at 1113 (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983)); *Camp*, 411 U.S. at 142 ("*[D]e novo* review is appropriate only where there are inadequate fact-finding procedures in an adjudicatory proceeding, or where judicial proceedings are brought to enforce certain administrative actions.").

[41] *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006).

[42] *See* Docket No. 44 at 3–7; Docket No. 42 at 6–24.

[43] *See* Docket No. 44 at 3–7.

[44] *See id.* at 6–7 (stating that even though Verbil's objections 34- 36 may be plausible to some extent, the disputes are admitted even by Verbil as "small, seemingly innocuous errors" and would not have impacted Defendants' ultimate decision).

[45] *See id.* at 3–7.

6

Case No. 5:14-00661-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

demonstrate that an exception is applicable and Verbil has made no showing of the sort, the court's review of Defendants' decision is limited to the administrative record.[46]

Turning to that record, in analyzing whether Defendants' decision was arbitrary and capricious, the court finds the case at issue highly similar to *Berg*.[47]  In *Berg*, the plaintiff was originally a Coast Guard Auxiliary member in Virginia, but was subsequently disenrolled for cause given his disruptive behavior.[48]  Specifically, the plaintiff wrote hostile letters and made phone calls to his lieutenant, as well as other Coast Guard officials, even after he was warned to stop.[49]  Under the applicable standard of review (abuse of discretion), the district court ultimately held that the administrative record contained "ample evidence" to disenroll plaintiff for cause.[50]  Similarly here, despite numerous interventions, the record includes substantial evidence that Verbil failed to cease his disruptive demeanor and conduct: he disrupted three Auxiliary member training sessions, received and ignored warnings from at least three officers and sent a long vitriolic email to classmates.[51]  Put another way, the record is ripe with facts that demonstrate Defendants possessed a reasonable basis to disenroll Verbil.  Defendants' decision was neither arbitrary nor capricious.

***Second***, Verbil alleges that he was denied procedural due process under Section 706(2)(B) of the APA because Defendants not only did not allow him an opportunity to submit a response to the complaints against him, but also failed to shed light and provide information on these complaints.[52]  The Ninth Circuit has held that to succeed on a procedural due process claim, a

---

[46] *See Desert Protective Council v. U.S. Dept. of the Interior*, Case No. 12-cv-001281-GPC, 2012 WL 6678056, at *2 (S.D. Cal. Dec. 21, 2012) (citing *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436–38 (9th Cir. 1988)).

[47] *See Berg*, 810 F. Supp. at 706–07.

[48] *See id.*

[49] *See id.* at 706.

[50] *See id.* at 717.

[51] *See* Docket No. 35 at 11; Docket No. 37 at 2–3.

[52] *See* Docket No. 35 at 13.

Case No. 5:14-00661-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

plaintiff must show that (1) he has a constitutional liberty or property interest; (2) the government has deprived this interest and (3) there is a lack of process.[53]   A plaintiff may establish a protected property interest "where an individual has a reasonable expectation of entitlement deriving from existing rules or understandings that stem from an independent source such as state law."[54]   A "reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms."[55]   Although procedural requirements "ordinarily do not transform a unilateral expectation into a protected property interest," a property interest may be created if "the procedural requirements are intended to be a significant substantive restriction on . . . decision making."[56]

Chapter 3, section F.1 of the Coast Guard Auxiliary Manual expressly provides that "[m]embership in the Coast Guard Auxiliary is not a constitutionally protected liberty or property interest."[57]   Within the same section, the Manual states that Auxiliary membership is afforded "minimal due process protections."[58]   Additionally, the district court in *Berg* held that "membership in the Auxiliary is not the type of intimate or private relationship which warrants constitutional protection."[59]   Along similar lines, this court finds that Verbil does not have a protected entitlement because the Manual as a regulation grants Defendants discretion to disenroll members for cause.

---

[53] *See Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (citations omitted).

[54] *See Garden City, Inc. v. San Jose*, Case No. 5:13-cv-0577-PSG, 2013 WL 4766748, at *3 (N.D. Cal. Sept. 5, 2013) (citing *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994)).

[55] *Wedges/Ledges of California, Inc.*, 24 F.3d at 62.

[56] *Id.*

[57] *See* Docket No. 41-2 at 40; Docket No. 44 at 14.

[58] *See* Docket No. 41-2 at 40.

[59] *Berg*, 810 F. Supp. at 710.

Case No. 5:14-00661-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        Even if the court determined that Defendants committed procedural error, Section 706 of

the APA provides that relief is only available to a plaintiff for "prejudicial error."[60]  In this

instance, none of the alleged procedural errors prejudiced Verbil, given the abundant facts in the

administrative record leading up to Verbil's disenrollment.

**SO ORDERED.**

Dated: January 29, 2015

                                        _____
                                        PAUL S. GREWAL
                                        United States Magistrate Judge

---

[60] 5 U.S.C. § 706.  *See also Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 659–60 (2007) ("In administrative law, as in federal civil and criminal litigation, there is a harmless error rule.").

9

Case No. 5:14-00661-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT